UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK (ROCHESTER)

| | |
|---|---|
| JENNIFER SPORTSMAN,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC,<br><br>Defendant. | Case No. 6:18-cv-06652-FPG |

**JEFFERSON CAPITAL SYSTEMS, LLC'S
ANSWER & AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, Jefferson Capital Systems, LLC ("Jefferson Capital"), through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, states for its answer and affirmative defenses to the complaint filed by plaintiff, Jennifer Sportsman, as follows:

**INTRODUCTION**

1. Jefferson Capital admits only that plaintiff purports to bring the complaint pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, but denies any and all violations, liability, and/or damages, and further denies plaintiff is entitled to any relief. Except as specifically admitted, Jefferson Capital denies the allegations in ¶ 1.

**JURISDICTION AND VENUE**

2. Jefferson Capital denies the allegations in ¶ 2 as written and as calling for a legal conclusion.

## PARTIES

3. Jefferson Capital denies the allegations in ¶ 3 for lack of knowledge or information to form a reasonable belief therein and as calling for a legal conclusion.

4. Jefferson Capital admits only that it is a foreign limited liability company. Except as specifically admitted, Jefferson Capital denies the allegations in ¶ 4 as written and as calling for a legal conclusion.

5. Jefferson Capital denies the allegations in ¶ 5.

6. Jefferson Capital denies the allegations in ¶ 6.

## FACTUAL ALLEGATIONS

7. Jefferson Capital denies the allegations in ¶ 7 as written.

8. Jefferson Capital denies the allegations in ¶ 8.

9. Jefferson Capital denies the allegations in ¶ 9 for lack of knowledge or information to form a reasonable belief therein.

10. Jefferson Capital denies the allegations in ¶ 10.

11. Jefferson Capital denies the allegations in ¶ 11.

12. Jefferson Capital denies the allegations in ¶ 12.

13. Jefferson Capital denies the allegations in ¶ 13.

14. Jefferson Capital denies the allegations in ¶ 14.

15. Jefferson Capital denies the allegations in ¶ 15.

**FIRST CLAIM – VIOLATIONS OF 15 U.S.C. §§ 1692e and 1692e(2)(A)**

16. Jefferson Capital reasserts and incorporates the preceding by reference.

17. Jefferson Capital denies the allegations in ¶ 17.

18. Jefferson Capital denies the allegations in ¶ 18.

19. Jefferson Capital denies the allegations in ¶ 19.

20. Jefferson Capital denies the allegations in ¶ 20.

21. Jefferson Capital denies the allegations in ¶ 21.

22. Jefferson Capital denies the allegations in ¶ 22.

## SECOND CLAIM – VIOLATION OF 15 U.S.C. § 1692e(5)

23. Jefferson Capital reasserts and incorporates the preceding by reference.

24. Jefferson Capital denies the allegations in ¶ 24.

25. Jefferson Capital denies the allegations in ¶ 25.

26. Jefferson Capital denies the allegations in ¶ 26.

## THIRD CLAIM – VIOLATION OF 15 U.S.C. § 1692e(10) OF THE FDCPA

27. Jefferson Capital reasserts and incorporates the preceding by reference.

28. Jefferson Capital denies the allegations in ¶ 28.

29. Jefferson Capital denies the allegations in ¶ 29.

30. Jefferson Capital denies the allegations in ¶ 30.

31. Jefferson Capital denies the allegations in ¶ 31.

## FOURTH CLAIM – VIOLATIONS OF 15 U.S.C. §§ 1692f AND 1692f(1)

32. Jefferson Capital reasserts and incorporates the preceding by reference.

33. The FDCPA speaks for itself and is the best evidence of its content; Jefferson Capital denies the allegations in ¶ 33 to the extent plaintiff alleges otherwise.

34. Jefferson Capital denies the allegations in ¶ 34.

35. Jefferson Capital denies the allegations in ¶ 35.

36. Jefferson Capital denies the allegations in ¶ 36.

37. Jefferson Capital denies the allegations in ¶ 37.

### FIFTH CLAIM – VIOLATIONS OF 15 U.S.C. § 1692c(b)

38. Jefferson Capital reasserts and incorporates the preceding by reference.

39. Jefferson Capital denies the allegations in ¶ 39.

40. Jefferson Capital denies the allegations in ¶ 40.

### SIXTH CLAIM – DECEPTIVE PRACTICES UNDER NEW YORK LAW

41. Jefferson Capital reasserts and incorporates the preceding by reference.

42. Jefferson Capital denies the allegations in ¶ 42.

43. Jefferson Capital denies the allegations in ¶ 43.

44. The New York General Business Law § 349 ("GBL") speaks for itself and is the best evidence of its content; Jefferson Capital denies the allegations in ¶ 44 to the extent plaintiff alleges otherwise.

45. Jefferson Capital denies the allegations in ¶ 45.

46. Jefferson Capital denies the allegations in ¶ 46.

47. Jefferson Capital denies the allegations in ¶ 47.

48. Jefferson Capital denies the allegations in ¶ 48.

49. Jefferson Capital denies the allegations in ¶ 49.

50. Jefferson Capital denies the allegations in ¶ 50.

51. Jefferson Capital denies the allegations in ¶ 51.

Jefferson Capital denies any and all violations, liability, and/or damages, and further denies plaintiff is entitled to any relief, including any of the relief prayed for on page 8 of the complaint, subparagraphs (A) – (E).

### JEFFERSON CAPITAL'S AFFIRMATIVE DEFENSES

1. To the extent any violation is established, which is specifically denied, any such violation was not intentional and resulted from *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

2. One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, wavier and/or unclean hands.

3. Assuming plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

4. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than Jefferson Capital and were beyond the control or supervision of Jefferson Capital or for whom Jefferson Capital was and is not responsible or liable.

5. Plaintiff fails to state a claim against Jefferson Capital upon which relief may be granted.

6. Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the complaint.

7. Plaintiff fails to state one or more claims against Jefferson Capital because she has not stated any compensable injury.

8. Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the complaint.

9. Plaintiff fails to state a FDCPA claim against Jefferson Capital because Jefferson Capital is not a "debt collector" as defined by the FDCPA. *See Henson v. Santander Consumer USA, Inc.*, --- U.S. ---, 2017 WL 2507342 (June 12, 2017).

10. Plaintiff fails to state any claim against Jefferson Capital because she fails to allege any facts showing Jefferson Capital improperly filed a collection lawsuit against her.

11. Upon information and belief, plaintiff's claims are subject to a binding arbitration agreement.

WHEREFORE, defendant, Jefferson Capital Systems, LLC, having answered plaintiff's complaint completely, respectfully requests that judgment be entered in its favor and against plaintiff dismissing the complaint with prejudice and awarding defendant costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: January 2, 2019              Respectfully Submitted,

*/s/ Kirsten H. Smith*
Kirsten H. Smith
SESSIONS, FISHMAN, NATHAN & ISRAEL
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002
Telephone No.: (504) 846-7943
Facsimile No.: (504) 828-3737
Email: ksmith@sessions.legal
*Counsel for Defendant,*
*Jefferson Capital Systems, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on January 2, 2019, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

>                                */s/ Kirsten H. Smith*
>                                Kirsten H. Smith

\\SFNI-FS01\Prolawdocs\11044\11044-45493\Sportsman, Jennifer\3214559.docx